O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| ROSA ELVIRA DUQUE, | § | |
| Individually and as a Representative | § | |
| of the Estate of JESUS ANTONIO | § | |
| MEJIA DUQUE, Deceased | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. L-05-183 |
| | § | |
| WERNER ENTERPRISES, INC., et al., | § | |
| | § | |
|     Defendants. | § | |

## O R D E R

Pending before the Court are Defendants' Motion to Compel [Doc. No.71], filed on October 27, 2006, and Plaintiffs' Response and Motion for Protective Order [Doc. No. 72], filed on November 16, 2006.

Defendants seek to compel decedent Father Jesus Antonio Mejia Duque's medical records from Oscar Benavides, M.D., and Dick B. Davenport, D.D.S. Defendants argue that these records are relevant because they pertain to Defendants' affirmative defense and that Plaintiffs have placed Father Duque's medical condition in controversy by alleging damages. [Doc. No. 71 at 3]. Plaintiffs contend that Defendants have failed to show how records from a general practitioner or a dentist are relevant to claims stemming from a motor vehicle accident. Plaintiffs further assert that the requested records are not sought for a legitimate purpose but rather solely to harass and annoy, that the disclosure of these records will violate Father Duque's privacy interests, and that there is no public interest in releasing the records. Plaintiffs also ask the Court to issue a protective order. [Doc. No. 72 at 3].

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Discoverable information need not be admissible itself, so long as it appears "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Committee Notes for the 2000 Amendments to Rule 26(b)(1) suggest that the court should "focus on the actual claims and defenses involved in the action" and that the court may "confine discovery to the claims and defenses asserted in the pleadings."  Committee Note, 192 F.R.D. 340, 389 (2000).  A party seeking discovery that is not discernibly relevant to current claims or defenses should "be able to articulate a reason for believing that [such discovery] is warranted."  8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2008 (2d ed. 1994).

Defendants assert that Father Duque's medical records from Dr. Benavides, a general practitioner, and Dr. Davenport, a dentist, are relevant to their affirmative defense.  Defendants' affirmative defense consists, in its entirety, of the following statement:

> Defendants would show the Court that at the time and on the occasion in question, Plaintiff, JESUS ANTONIO MEJIA DUQUE, failed to use that degree of care that would have been used by persons of ordinary prudence under the same or similar circumstances, and such negligence proximately contributed to the cause of the accident in question and any injuries or damages which Plaintiff alleges to have sustained.

[Doc. No. 5 at 5].  This defense does not implicate or make relevant medical records from Father Duque's general practitioner or dentist.  Rather, the defense concerns Father Duque's actions and the degree of care he used on the date at issue, June 13, 2005.  Defendants do not explain how the requested records are relevant to this defense or any other claim or defense, nor do they articulate any other sufficient reason for believing that such records would be warranted.

2

Defendants also contend that the records are relevant because Plaintiffs have placed Father Duque's medical condition in controversy by alleging damages.  Plaintiffs allege damages for the following types of injuries: (1) Plaintiff Rosa Elvira Duque's loss of financial support, loss of inheritance, loss of consortium and companionship, and mental anguish; (2) Father Duque's pain, suffering, and mental anguish prior to his death on June 13, 2005; and (3) medical and funeral expenses associated with Father Duque's death. [Doc. No. 1, Orig. Pet. ¶¶ 27-29].  The damages alleged do not place in controversy Father Duque's medical condition prior to the incident on June 13, 2005, nor do they place in controversy Father Duque's dental records.

Upon a party's motion for protective order and a showing of good cause, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).  Plaintiffs have demonstrated good cause for issuance of a protective order because the disclosure will violate Father Duque's privacy interests, the information sought is not important to the public health and safety, and, because the information is not relevant to the case at hand, the information is not being sought for a legitimate purpose.  *See generally Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (discussing factors considered in evaluating "good cause" for a protective order).  Thus a protective order is necessary to protect Dr. Benavides and Dr. Davenport from annoyance and undue burden or expense.

It is hereby ORDERED that Defendants' Motion to Compel [Doc. No.71] is DENIED. Plaintiffs' Motion for Protective Order [Doc. No. 72] is GRANTED IN PART as follows: Oscar Benavides, M.D., and Dick B. Davenport, D.D.S., shall not release any medical, dental, or other records regarding Jesus Antonio Mejia Duque to Defendants or any person or entity acting on their behalf.  Plaintiffs' Motion is DENIED IN PART as to all other relief requested.

3

IT IS SO ORDERED.

DONE at Laredo, Texas, this 28th day of November, 2006.

_____
Adriana Arce-Flores
United States Magistrate Judge