O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| ROSA ELVIRA DUQUE, § | | |
| Individually and as a Representative § | | |
| of the Estate of JESUS ANTONIO § | | |
| MEJIA DUQUE, Deceased § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | | Civil Action No. L-05-183 |
| § | | |
| WERNER ENTERPRISES, INC., et al., § | | |
| § | | |
| Defendants. § | | |

## **O R D E R**

Pending before the Court is Plaintiffs' Motion for Sanctions [Doc. No.35] and attendant Supplement to Plaintiffs' Motion for Sanctions [Doc. No. 41]. Defendants filed a Response to this motion [Doc. No. 38], a Supplemental Response [Doc. No. 50], a Second Supplemental Response [Doc. No. 53], and a Third Supplemental Response [Doc. No. 65], to which Plaintiffs filed a Reply [Doc. No. 48], a Supplemental Reply [Doc. No. 59], and a Second Supplemental Reply [Doc. No. 66]. The Court heard oral argument on the motion for sanctions at a hearing on September 26, 2006.

**I.    BACKGROUND**

The following facts are not disputed.  On June 13, 2005, Father Jesus Antonio Mejia Duque ("Father Duque") was driving a pickup truck westbound on U.S. Highway 59 outside of Laredo, Texas. Defendant John Dehn was driving a tractor-trailer owned by Defendant Werner Enterprises, Inc. ("Werner") eastbound on Highway 59. At approximately 1:00 a.m., the two vehicles were involved in a head-on collision which resulted in the death of Father Duque.

Following the accident, the Webb County Sheriff's Department held the tractor and trailer

for approximately nine days.  During that time, two Webb County Sheriff Deputies inspected the tractor and trailer.  Trooper Pedro Vegas, Jr. of the Texas Department of Public Safety ("DPS") inspected the tractor-trailer on June 16, 2005.  The Webb County Sheriff's Department released the tractor and trailer to Defendant Werner on June 22, 2005.  Defendant Werner towed the tractor to its storage facility in Omaha, Nebraska and kept the trailer at its terminal in Laredo, Texas.

Plaintiff initiated this action in state court on July 20, 2005; Defendant removed the action to this court based on the diversity of the parties on August 16, 2005.  In a letter to Defendant Werner dated August 4, 2005, Plaintiff's counsel requested that Defendant Werner not destroy, manipulate, or alter the tractor-trailer during the pendency of the case. [Doc. No. 35, Ex. A].  In the spring of 2006, the parties could not agree on where the inspection by Plaintiff's expert of the tractor and trailer should take place.  On April 7, 2006, the court ordered that the trailer be inspected in Laredo, Texas, and that the inspection of the tractor take place in Omaha, Nebraska, but specified that Defendant would reimburse Plaintiff up to $1,000.00 of the expert's travel expenses for travel to Omaha.  [Doc. No. 30].

Plaintiff's expert Dr. Eftekhar conducted his inspection of the trailer on June 15, 2006, and found that the brakes on the trailer had been replaced sometime after the accident. [Doc. No. 35, Ex. G]. Dr. Eftekhar examined the tractor in Omaha, Nebraska on June 26, 2006.  At that time, Dr. Eftekhar discovered that the tractor had been repaired and that the front-end axle, brake, and suspension components, front wheels and tires, rear brake components, airlines, air chambers, and other parts had been replaced or altered.  Dr. Eftekhar also found that the rear tires were missing and the rear wheels had been rotated.

In her motion for sanctions, Plaintiff argues that Defendant Werner's repair of the tractor was

2

done deliberately for tactical advantage and that its actions have substantially prejudiced Plaintiff by denying her any meaningful opportunity to inspect the tractor. Plaintiff requests sanctions in the form of a presumption at trial, a spoliation instruction, expenses and fees incurred by Plaintiff's expert, and attorney's fees. [Doc. No. 35 at 6-7]. Plaintiff also requests that the Court strike all of Defendants' pleadings regarding liability, enter default judgment for Plaintiff on the issue of liability, preclude Defendants from offering evidence regarding liability at trial, and additional monetary sanctions as determined by the Court. [Doc. No. 41].

Defendants allege that repair of the tractor and trailer was inadvertent and lacked bad faith, thus the Court should not issue a spoliation instruction, strike portions of Defendants' pleadings, or award Plaintiff monetary sanctions.[1] Defendants contend that Plaintiff has access to sufficient documentation of the trailer in the pre-repair condition for Plaintiff's expert to formulate any opinions and conclusions. Finally, Defendants argue that the evidence which was altered is not dispositive of any issue in the case.

## II. APPLICABLE STANDARDS

Federal courts sitting in diversity apply federal law rather than state law regarding evidentiary rules and spoliation instructions. *King v. Illinois Central R.R.*, 337 F.3d 550, 556 (5th Cir. 2003). In instances where Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") is not directly applicable—such as here—but where sanctions are appropriate, the Court may rely on its inherent authority to impose sanctions. *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997)); *see also Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (a court's

---

[1] However, at oral argument Defense counsel agreed that monetary sanctions would be appropriate for a reasonable amount of attorney's fees and for those expenses incurred in Plaintiff's expert's travel to Nebraska.

ability to impose sanctions for spoliation is based in the court's inherent power rather than substantive law). Sanctions imposed under the court's inherent authority are guided by the same principles governing sanctions under Rule 37. *E.E.O.C. v. Jacksonville Shipyards, Inc.*, 690 F.Supp. 995, 998 (M.D. Fla. 1988)[2]; *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 551 (D. Minn. 1989) (citation omitted).

Sanctions can be used by judges "to assure that litigants have a fair, legal, and expeditious trial." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). However, sanctions should not be used lightly, and should be used as "a lethal weapon" only under "extreme circumstances." *Id*. A severe sanction such as dismissal with prejudice, or in this case, default judgment on the issue of liability, imposed under the court's inherent power requires a finding of bad faith or willful abuse of the judicial process. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *see also Pressey*, 898 F.2d at 1021 n.2 (equating sanctions of default judgment and dismissal with prejudice). Lesser sanctions include deeming certain facts established which do not equate to a default judgment or granting expenses and attorney's fees. *See Chilcutt v. United States*, 4 F.3d 1313, 1320 n.17 (5th Cir. 1993) (where defendant was allowed to present affirmative defenses and evidence on damages, sanction of establishing facts regarding liability was not equivalent to a default judgment). The Court should consider whether a lesser sanction is available and whether there is a reasonable probability it will have the desired effect. *Pressey*, 898 F.2d at 1021; *Toon*, 250 F.3d at 952.

---

[2] Cting *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 128 (S.D. Fla. 1987); *United States v. Moss-American, Inc.*, 78 F.R.D. 214, 216 (E.D. Wis. 1978); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2282, at 758 (1970).

The Court may impose sanctions for destruction of evidence. *Capellupo*, 126 F.R.D. at 550.[3] Sanctions are appropriate when a party's destruction of evidence causes prejudice and the party knew or should have known the evidence was relevant to pending or potential evidence. *Id*. at 551 (citations omitted). The duty to preserve material evidence exists throughout the litigation. *See Silvestri*, 271 F.3d at 591 (citing *Kronish v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)); *cf. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 566 (5th Cir. 2003) (where loss of evidence occurred before case was filed and no evidence suggested bad faith, no sanction is necessary). A discovery request or the complaint itself may alert a party that certain evidence is material. *McGinnity v. Metro-North Commuter R.R.*, 183 F.R.D. 58, 60 (D. Conn. 1998).

However, to warrant an adverse inference instruction as a sanction for a party's destruction of evidence, the court must find evidence of "bad faith" or "bad conduct." *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citations omitted); *see also Condrey v. Suntrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005) (no bad faith shown where a party failed to identify specific evidence that was destroyed); *King*, 337 F.3d at 556 (where a party is unaware that evidence might be relevant to claim at the time of disposing of the evidence, and the evidence is destroyed as part of routine file maintenance, no showing of bad faith destruction of evidence). When there is no evidence of bad faith or willful abuse of the judicial process, less severe sanctions are more appropriate. *Pressey*, 898 F.2d at 1023. Evidence that a party was negligent or reckless in failing to preserve evidence may justify a sanction of deeming certain facts admitted or monetary penalties. *Id.* at 1024 (dicta).

---

[3] Citing *Perkinson v. Gilbert/Robinson, Inc.*, 821 F.2d 686, 689 (D.C. Cir. 1987); *Alexander v. National Farmers Org.*, 687 F.2d 1173, 1205-06 (8th Cir. 1982), *cert. denied*, 461 U.S. 937 (1983); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla. 1987).

## III.  DISCUSSION

### A.  The Parties' Arguments

Plaintiff alleges that Defendant Werner intentionally manipulated the tractor and trailer, critical pieces of evidence in this case, by repairing them despite receiving a formal written request from Plaintiff to preserve this evidence.  Plaintiff argues that the repairs prevented Plaintiff's expert Dr. Eftekhar from evaluating the condition of the brakes and braking capacity of the tractor and trailer at the time of the accident.  Plaintiff explains that this inspection of the brakes was important to Plaintiff's theory of the case because there were no pre-impact brake marks on the road or in scene photographs that could be attributed to the tractor-trailer.  [Doc. No. 35, Ex. G].

Plaintiff seeks the following sanctions:  a presumption at trial that the condition of the tractor and trailer immediately following the accident contained evidence favorable to Plaintiff and unfavorable to Defendants; a spoliation jury instruction; monetary sanctions in the amounts of $6,921.35 for the total expenses and fees incurred by Dr. Eftekhar in traveling to and from Laredo, Texas, and Omaha, Nebraska; and $3,750.00 for expenses and attorney's fees incurred in preparing and arguing the motion for sanctions. [Doc. No. 35 at 6-7].  Plaintiff further requests that the Court strike all of Defendants' pleadings regarding liability, enter default judgment for Plaintiff on all liability issues, and preclude Defendants from offering any evidence regarding liability at trial. [Doc. No. 41].  Plaintiff also seeks an additional monetary sanction, in an amount to be determined by the Court.  *Id*.

Defendants respond that Defendant Werner repaired the tractor and trailer inadvertently and in the absence of bad faith, thus the Court should not issue a spoliation instruction, strike portions

of Defendants' pleadings, or award Plaintiff monetary sanctions.[4]  Defendants assert that Plaintiff has access to ample evidence of the condition of the tractor and trailer, including documentation by Defendants' retained expert and law enforcement personnel, information from the Electronic Control Module on the tractor, and the service history of the tractor.  Defendants contend that Plaintiff's expert can formulate any opinions and conclusions from this evidence.  Finally, Defendants argue that the evidence in question is not dispositive of any issue in the case because it has no relationship to Plaintiff's theory that Defendant Dehn, the driver of the tractor-trailer, crossed into Father Duque's lane of traffic due to fatigue.

Specifically, Defendant Werner argues that Plaintiff has not demonstrated that the alteration of the evidence was made willfully, in bad faith, or that it consisted of "bad conduct."  Defendant Werner describes its legal department's procedures for placing any tractors or trailers involved in a fatal accident "on hold" and marking them with hold decals to prevent them from being repaired. Defendant Werner admits that the tractor and trailer involved in this case should have been placed on hold and marked with hold decals by the legal department.  [Doc. No. 38, Ex. 1].  Defendant Werner states that Werner's legal department in Omaha, Nebraska instructed the Werner facility in Laredo, Texas to tag the tractor and trailer as a "hold" on the day of the accident, but that due to oversight, mistake, or miscommunication, the tractor was transported to Omaha, Nebraska without any decals indicating that it should be placed on hold.  The tractor unit was repaired by an outside vender in October and November 2005.  Defendants assert that the Werner legal department did not realize the tractor had been fixed until it was pulled for Plaintiff's expert to inspect on June 26, 2006. Defendant Werner claims that the trailer also did not have any hold decals placed on it due to

---

[4] However, at oral argument, Defense counsel agreed that monetary sanctions would be appropriate for a reasonable amount of attorney's fees and for those expenses incurred in Plaintiff's expert's travel to Nebraska.

oversight, mistake, or miscommunication, and was therefore repaired and returned to service in November 2005.

Defendants argue that the timing of these repairs—made approximately four months after the accident and two months after Plaintiff's request to preserve—shows that they were made in the regular course of business rather than with the intent to destroy evidence. Defendants also point to the fact that during the Spring 2006 disagreement over where to inspect the tractor, Defendant Werner's legal department believed the tractor would need to be towed to Laredo even though at that point it had already been repaired; Defendants cite this as evidence of miscommunication between Werner's legal department and maintenance division. Defendants present an affidavit from Werner's Vice President of Maintenance Dwayne Haug wherein Mr. Haug asserts that repairs to the tractor were not made in bad faith.[5]  [Doc. No. 38, Ex. 1].

Defendants also imply that Plaintiff is not significantly prejudiced by the repair of the tractor and trailer. For instance, Defendants urge that sufficient evidence of the condition of the tractor and trailer following the accident was preserved through inspections conducted by the Webb County Sheriff's Department, the Texas Department of Public Safety, and Defendant's accident reconstruction expert Brian Charles, who arrived at the scene on the day of the accident. Mr. Charles inspected, measured, and photographed the vehicles at the accident scene and compiled notes, memoranda, photographs, and diagrams. Defendants state that all of this evidence has been provided to Plaintiff and is ample evidence from which Plaintiff's expert can form opinions and draw conclusions.

---

[5] Mr. Haug states in his affidavit: "No one in the maintenance and repair department at Werner Enterprises, Inc. conspired to repair the tractor unit in order to destroy or alter evidence. Rather, the tractor unit was repaired as the result of oversight, mistake, or miscommunication that began when the appropriate decal was not placed on the tractor unit in Laredo, Texas." [Doc. No. 38, Ex. 1 at 3].

Defendants further assert that any evidence garnered from Plaintiff's inspection of the tractor and trailer would not be have been dispositive of any issue in the case. Defendants maintain that the only issue is whether Mr. Dehn crossed into Father Duque's lane of traffic while asleep, or Father Duque crossed into Mr. Dehn's lane of traffic through his own fault. Defendants note that an inspection of the tractor and trailer would not resolve this dispute, thus their alteration does not justify a spoliation instruction or striking Defendant Werner's pleadings because the altered evidence is not dispositive.

Plaintiff rejoins that Defendant Werner was aware of its duty to preserve evidence based on its extensive litigation experience. Plaintiff asserts that the fact that Defendant Werner sent an accident reconstructionist to the scene within hours of the accident and its otherwise meticulous preparation for trial belie Defendant Werner's claim that repair of the tractor and trailer were inadvertent. Plaintiff states that one theory of recovery is based on Defendant Dehn's fatigue, but that Plaintiff also believe faulty brakes or other equipment may have caused Defendant Dehn to be unable to avoid the accident.

Plaintiff argues that the available evidence of the post-accident condition of the trailer is inadequate. Plaintiff emphasizes that Defendants' retained expert did not document, diagram, or produce inspection forms of the steering or braking systems, did not conduct a brake system check, did not test or document inspection of the air pressure, slack adjusters, or brake lines. Plaintiff contends that her expert Dr. Eftekhar would have performed all of these tests. In addition, Plaintiff argues that even if these tests had been conducted by Defendants' expert, Plaintiff is not required to accept the findings of an expert retained by Defendants and is entitled to have her own expert inspect and test the evidence. Plaintiff points out that the Department of Public Safety report on the

9

condition of the tractor-trailer deals only with compliance to the law rather than accident reconstruction or causation issues and that the inspecting officer did not conduct any testing on the braking or steering systems.

### B.     Analysis

Defendant Werner does not dispute that it had an obligation to preserve the tractor and trailer as evidence during the pendency of the current litigation or that the tractor and trailer were repaired while they were in Werner's custody or control.  Because the alteration of evidence is not addressed under Rule 37, the Court relies on its inherent authority to impose sanctions.  *Toon*, 250 F.3d at 952. However, the Court considers the principles underlying Rule 37 and its application in crafting an appropriate sanction.  *See Jacksonville Shipyards, Inc.*, 690 F.Supp. at 998.

The Court may impose sanctions for Defendant Werner's destruction of evidence by repairing the tractor and trailer.  *Capellupo*, 126 F.R.D. at 550.  Defendant Werner knew or should have known the evidence was relevant based on the complaint and the August 4, 2005 letter from Plaintiff's counsel requesting preservation of the tractor and trailer.  Plaintiff has shown that she has been substantially prejudiced by Defendant's alteration of the tractor and trailer.  Plaintiff's expert did not inspect the tractor and trailer before they were repaired, and such inspection of the post-accident condition is now impossible.  Because of the alterations, Plaintiff is denied the opportunity for her expert to conduct testing on the braking or steering systems, as well as testing of other components, and thus is foreclosed from fully developing her case through the discovery process. Plaintiff's access to reports from the Webb County Sheriff's Department, the Texas DPS, and Defendant's expert does not redress this loss.

The Court should impose the least drastic sanction which can adequately address the

misconduct. *Pressey*, 898 F.3d at 1021. To be entitled to an adverse inference based on the destruction of evidence, Plaintiff must show that Defendant Werner acted in "bad faith" or used "bad conduct" in repairing the tractor and trailer. *Wise*, 221 F.3d at 156. Plaintiff relies on the circumstantial evidence that Defendant Werner is a sophisticated party with considerable litigation experience, that Defendant Werner was attentive to the prospective litigation in this case because it sent an accident reconstructionist to the scene the day of the accident, and the fact of the repair itself as evidence of bad faith. However, the totality of this evidence does not show that Defendant Werner repaired the tractor and trailer in bad faith. Without such a showing, the Court cannot justify the imposition of an adverse inference or presumption at trial that evidence gleaned from the post-accident condition of the tractor and trailer would have been favorable to Plaintiff. Under the same reasoning, the Court declines to strike Defendant Werner's pleadings regarding liability, enter default judgment for Plaintiff as to liability, or preclude Defendant from offering evidence of liability at trial.

Plaintiff also suggests the less severe sanctions of a spoliation jury instruction and/or monetary sanctions. Under these circumstances, giving the jury a permissive inference instruction as to Defendant Werner would be an adequate sanction.[6] This sanction would allow the jury to punish Defendant Werner for any willful misconduct in not preserving the tractor and trailer which the jury found supported by the evidence surrounding the repairs. However, such an instruction allows Defendant Werner the opportunity to rebut this evidence by providing its own explanation

---

[6] Although precise wording of such an instruction is reserved until the issue of jury instructions is addressed before trial, the Court directs the parties to 3 Fed. Jury Prac. & Instr. § 104.27 (5th ed.) for a general conception of form. This proposed instruction reads: "If you should find that a party willfully destroyed evidence in order to prevent its being presented in this trial, you may consider such destruction in determining what inferences to draw from the evidence or facts in the case."

11

for the alteration of the evidence.

In light of the significant fees, costs, and expenses Plaintiff's expert Dr. Eftekhar expended in traveling to Laredo, Texas and Omaha, Nebraska to inspect evidence which had been altered months earlier while in Defendant Werner's custody, and in consideration of Defense counsel's agreement to this sanction at oral argument, the monetary sanction of $6,921.35 is appropriate. Plaintiff's proposed sanction of $3,750.00 for Plaintiff's counsel's expenses and attorney's fees in preparing and arguing the motion for sanctions necessitated by Defendant's alteration of the evidence is likewise proper. Finally, in order to effectuate the punitive and deterrence purposes of sanctions, and because of the significant yet undeterminable amount of prejudice the repairs have caused Plaintiff, the indiscernibility of which was caused by the Defendant's misconduct in repairing the tractor and trailer, the Court grants Plaintiff additional monetary sanctions against Defendant Werner in the amount of $10,000.00. This amount roughly corresponds to the total amount of actual expenses and fees ($10,671.35) which Plaintiff's expert and Plaintiff's counsel were unnecessarily burdened with due to Defendant's untimely repair of the tractor and trailer.

**IV.    ORDER**

Upon consideration of the parties' filings, the arguments of counsel, and the applicable legal standards, Plaintiffs' Motion for Sanctions [Doc. No.35] is GRANTED IN PART and DENIED IN PART. While sanctions are appropriate against Defendant Werner for its failure to preserve evidence during the pendency of this case, Plaintiff has not shown that the tractor and trailer were altered in bad faith or "bad conduct" in an attempt willfully abuse the judicial process. The Court orders the issuance of a permissive inference jury instruction as to Defendant Werner regarding the repair of the tractor and trailer, the precise wording of which will be determined when jury instructions are

considered by the Court before trial.  The Court also grants Plaintiff monetary sanctions against Defendant Werner in the amount of $6,921.35 for Plaintiff's expert's expenses and fees, $3,750.00 for Plaintiff's counsel's expenses and fees, and $10,000.00 as punitive sanctions for the significant prejudice it caused Plaintiff by altering this critical evidence.  This combination of jury instruction and monetary assessment against Defendant Werner is the least severe sanction which will adequately address Defendant Werner's misconduct.  All other relief requested is hereby denied.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 30th day of March, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge